**Paul HADLOCK, Plaintiff in Error,**

**v.**

**The STATE of Oklahoma, Defendant in Error.**

**No. A-14787.**

Court of Criminal Appeals of Oklahoma.
July 23, 1969.

Shockley T. Shoemake, Pawhuska, Leonard Gebb, Ponca City, for plaintiff in error.

William H. Mattingly, Dist. Atty., District No. 10, Osage County, for defendant in error.

## MEMORANDUM OPINION AND ORDER

BRETT, Presiding Judge.

Plaintiff in error, Paul Hadlock, appealed from a judgment and sentence of the District Court of Osage County for the offense of Selling Mortgaged Property, entered August 28, 1967, sentencing him to two years confinement, which was suspended, in case number Cr-5210. The record reflects that the plaintiff in error was taken before the Justice of the Peace, waived his preliminary hearing and was bound over for trial in the district court, and was immediately arraigned in the district court when he entered his plea of guilty,

and later the same day, August 28, 1967, judgment and sentence was imposed, without his being represented by counsel. The next day, August 29th, plaintiff in error consulted with an attorney, who filed his Application to Vacate Judgment and Sentence, and Permission to Withdraw the Plea of Guilty on October 26, 1967, during the same term of court. After a hearing in the district court held on November 13, 1967, plaintiff in error's application was overruled. Subsequently the appeal was filed in this Court.

The appeal is brought before this Court on the contention that the trial court abused its discretion in denying the application to vacate judgment and sentence and permit the withdrawal of the guilty plea, because plaintiff in error's constitutional rights were denied him, and especially his right to counsel when his plea of guilty was accepted; and further, that notwithstanding the court's effort to explain his constitutional rights, because of plaintiff in error's age and education it was apparent that he did not understand that explanation prior to entering his plea; and therefore the judgment and sentence should be reversed and remanded to said district court.

After reviewing the briefs and records filed, which casemade contains both the record at plaintiff in error's arraignment in district court and his hearing on the application to vacate judgment and sentence, the Court finds that the trial court did commit error, when plaintiff in error's application was denied.

It is therefore the order of this Court that the judgment and sentence of the District Court in case number Cr-5210, imposed on August 28, 1967, should be and the same is therefore reversed and remanded, with instructions to permit plaintiff in error to withdraw his plea of guilty and enter a plea of not guilty and thereby grant him a new trial; or, otherwise dismiss the charges filed.

BUSSEY and NIX, JJ., concur.